NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000628
07-NOV-2014
08:57 AM**

NO. CAAP-12-0000628

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
WILLIAM D. WHITE, II, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAIʻANAE DIVISION
(CASE NO. 1DTC-11-070539)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant William D. White, II (White) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on June 13, 2012 in the District Court of the First Circuit, Waiʻanae Division (District Court).[1]

White was convicted of Excessive Speeding, in violation of Hawaii Revised Statutes (HRS) § 291C-105(a)(1) and/or (a)(2) (2007 and Supp. 2013).

On appeal, White claims the District Court erred by admitting a laser gun speed reading because it lacked foundation. White argues that without the laser gun reading there was insufficient evidence to convict him.

The State concedes that there was no showing that the officer was trained according to the manufacturer's recommendations for training on the laser gun and therefore, admission of the speed reading lacked foundation. The State also agrees that White's conviction should be reversed because without

---

[1] The Honorable Linda K.C. Luke presided.

the speed reading "there is no other evidence indicating the speed Defendant was driving his vehicle[.]"

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve White's point of error as follows:

> In order to establish a sufficient foundation for the admission of a speed reading from a laser gun, the prosecution is required to produce evidence that the "nature and extent of an officer's training in the operation of the laser gun meets the requirements indicated by the manufacturer." State v. Assaye, 121 Hawai'i 204, 215, 216 P.3d 1227, 1238 (2009). "[T]o meet this burden the prosecution must establish both (1) the requirements indicated by the manufacturer, and (2) the training actually received by the operator of the laser gun." [State v.] Gonzalez, 128 Hawai'i [314,] 327, 288 P.3d [788,] 801 [(2012)].

State v. Amiral, 132 Hawai'i 170, 178, 319 P.3d 1178, 1186 (2014).

Based on our review of the record, we agree that the state's concession of error was warranted. Therefore, the laser gun speed reading should not have been admitted over the objection of defense counsel. As there was no other evidence of White's speed, there was insufficient evidence to convict White of Excessive Speeding.

THEREFORE,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on June 13, 2012 in the District Court of the First Circuit, Wai'anae Division is reversed.

DATED: Honolulu, Hawai'i, November 7, 2014.

On the briefs:

Lianne M. Aoki,
Deputy Public Defender,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

2